55713. TERWILLEGAR v. CAREY et al.

Quillian, Presiding Judge.

W. L. Carey, d/b/a W. L. Carey, General Contractor, filed a complaint against G. H. Terwillegar in the Elbert Superior Court, seeking to recover the sum of $2,830.95 as the amount owed to him by the defendant as a result of an agreement in which he and the defendant entered into regarding the termination of defendant's employment with the plaintiff's construction firm.

The defendant answered, denying the material allegations of the plaintiff's claim, and further set out a counterclaim in the amount of $3,622.35, seeking recovery which plaintiff owed him for certain work which the defendant performed. The case was heard before a jury which returned a verdict denying the defendant's counterclaim and awarding the plaintiff full amount

sought. The defendant appeals to this court. *Held:*

Counsel for the defendant contends that the evidence was insufficient to sustain the verdict. It is argued that certain testimony by the plaintiff to the effect that the defendant did not offer to pay him anything showed that there was no agreement between the parties and that therefore the plaintiff can not recover.

We see no basis to construe the evidence as posed by the defendant. The plaintiff testified that he employed the defendant at a salary of $1,500 per month to perform engineering services for his construction company; that on a project in which they were involved, the contract provided for a payment of $9,444.56 as an engineering fee. The plaintiff further testified that he terminated the defendant's employment and entered into a termination contract by which the defendant promised to pay him for the expenses plaintiff incurred during the defendant's performance of the project, and the plaintiff promised to permit the defendant to retain all of the engineering fee from the project. After setting forth the clear terms of this compromise arrangement, the plaintiff then testified that the defendant, prior to suit, never did offer to pay him anything. We construe this language, in context, to mean that the defendant never did offer to comply with his promise to pay the expenses under the terms of the contract.

The evidence was sufficient to sustain a finding that a contract existed and to authorize a verdict in favor of the plaintiff. The appeal is without merit.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

SUBMITTED APRIL 6, 1978 — DECIDED MAY 9, 1978.

*Andrew J. Hill, Jr., Andrew J. Hill, III,* for appellant. *Walter James Gordon,* for appellees.